United States District Court
Southern District of Texas
**ENTERED**
May 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARGARITA ZAMORA-CUIDAS, | § § | |
| Petitioner, | § § | |
| | § | CIVIL ACTION NO. H-16-1367 |
| v. | § | (Criminal No. H-14-284) |
| | § | |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Margarita Zamora-Cuidas, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 39); and a Motion Pursuant to 28 U.S.C. § 2255 in Light of the Retroactive Effect of Johnson v. United States, 576 U.S., 135 S. Ct. 2551 (2016), & Its Progeny, Gonzalez-Longoria v. U.S., No. 15-40041, S. Ct. (2016) ("§ 2255 Brief") (Docket Entry No. 40).[1]

On August 25, 2014, petitioner pleaded guilty to illegal reentry after a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1); and on November 7, 2014, petitioner was sentenced to forty-two months in prison and three years of supervised release (Judgment in a Criminal Case, Docket Entry No. 22). Although her guideline range was 24-30 months in custody, the court sentenced her to 42 months in custody after considering

---

[1]All docket entry references are to Criminal No. H-14-284.

the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). The United States Court of Appeals for the Fifth Circuit dismissed her appeal after concurring with her appellate counsel that her appeal presented no nonfrivolous issues for appellate review (Order of United States Court of Appeals for the Fifth Circuit, Docket Entry No. 36).

As the sole ground for relief in her § 2255 Motion, Zamora-Cuidas alleges:

> A. Ground One: Violation of Constitutional Right Amendment V — Due Process.
>
> Supporting FACTS (state *briefly* without citing cases or law) The U.S. Supreme Court has deemed the residual clause vague and unconstitutional for crimes of violence.

In her § 2255 Brief Zamora-Cuidas argues that she is entitled to relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). She also argues that she is entitled to relief because the United States Court of Appeals for the Fifth Circuit is considering in United States v. Gonzalez-Longoria, No. 15-40041, whether the definition of a "crime of violence" in 18 U.S.C. § 16 is unconstitutionally vague.

The Court has carefully reviewed Zamora-Cuidas's motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and concludes that a response to her motion is not required. The Scheduling Order (Docket Entry No. 41) is therefore **VACATED**.

In <u>Johnson</u> the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentence enhancement for a felon's possession of a firearm was unconstitutionally vague. In <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), the Court held that its decision in <u>Johnson</u> announced a substantive rule that applied retroactively on collateral review.

Zamora-Cuidas's sentence was not based on the ACCA or 18 U.S.C. § 16, and neither the ACCA nor 18 U.S.C. § 16 affected her advisory sentencing guideline range. The court therefore concludes that Zamora-Cuidas is not entitled to relief under § 2255.

Accordingly, Zamora-Cuidas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 39) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Margarita Zamora-Cuidas and to the United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, on this the 27th day of May, 2016.

---
SIM LAKE
UNITED STATES DISTRICT JUDGE